# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Jeanette Schneider,<br><br>  Plaintiff,<br><br>  v.<br><br>Nationwide Insurance Company of America, et al.,<br><br>  Defendants. | Case No.: 2:13-cv-2045-JAD-PAL<br><br>**Order Denying Defendant's Motion for Hearing [Doc. 17] and Plaintiff's Motion to Remand [Doc. 13]** |

Defendants Nationwide Insurance Company and Allied Insurance Company of America removed this bad-faith-insurance-coverage-denial action from Nevada State court pursuant to the federal diversity jurisdiction, 28 U.S.C. § 1332. Plaintiff Jeanette Schneider, who claims to have incurred almost $300,000 in medical expenses for which she appears to hold Defendants responsible, prefers state court and moves to remand the case there, arguing that Defendants have not met their burden to show that the amount in controversy exceeds $75,000. After reviewing the medical documents Defendants submitted with their opposition to Schneider's motion to remand, the Court disagrees and denies Schneider's motion to remand.

## Background

Schneider sued Defendants in Nevada State Court, alleging that on February 9, 2010, through no fault of her own, she sustained personal injuries in an automobile accident for which she claims "there was in force and effect a policy of insurance issued by NATIONWIDE/ALLIED . . . which provided uninsured motorist coverage to [her] in the

amount of $500,000, single limit, and medical payments coverage in the amount of $5,000." Doc. 1-1 at 5.  By July 22, 2013, Schneider's medical bills from the accident totaled approximately $279,000, and she made a demand for the entire $500,000 policy limit; Defendants rejected this demand, perceiving Schneider's medical-treatment plan as excessive. *Id.* at 6.  On September 21, 2013, Schneider sued Defendants in State Court, alleging breach of contract (Count 1), breach of the implied covenant of good faith and fair dealing (Count 2), and unfair claims practices (Count 3).  Doc. 1-1 at 7-8.  Scheneider claims to have suffered damages in excess of $10,000 on each count, and seeks, *inter alia*, general and punitive damages in excess of $10,000, as well as special damages in an amount to be proven at trial. *Id.* at 9.

On November 6, 2013, Defendants removed this case to federal court under 28 U.S.C. §§ 1332, 1441, and 1446, alleging that removal is proper because the parties are from different states and the amount in controversy exceeds $75,000.  Doc. 1 at 2.  Schneider moved to remand the case, arguing essentially that Defendants' subjective opinion that she should be entitled to only $18,000 in medical expenses should bar them from removal.  Doc. 9 at 6.

## Discussion

### A.   Motion for Hearing

Defendants request a hearing on the motion to remand.  Local Rule 78-2 provides that, "[a]ll motions may, in the Court's discretion, be considered and decided with or without a hearing."[1]  Defendants offer no reason why oral argument would be beneficial, and the Court own investigation reveals none.  The Court finds this motion appropriate for disposition without oral argument, and their request is denied.

### B.   Motion to Remand

Defendants may remove a civil action to federal court based on diversity of citizenship where "the matter in controversy exceeds the sum or value of $75,000, exclusive

---

[1] Nev. L.R. 78-2.

of interest and costs, and is between citizens of different states."[2] As federal district courts are courts of limited jurisdiction, they "presume[] that a cause lies outside this limited jurisdiction," such that the party asserting federal jurisdiction always bears the burden of proof.[3] Accordingly, "the defendant always has the burden of establishing that removal is proper."[4] If a court finds that the amount-in-controversy threshold is not satisfied in a case premised on diversity of citizenship, it should remand the case to state court.[5]

### 1. The Amount-in-Controversy Requirement Does not Require Defendants to Believe that Any Amount of Damages Will Actually Be Recovered.

Schneider's sole argument in support of remand is that in denying her medical claims Defendants relied on the opinions of their medical expert, Dr. Ginsburg, "who believes that Plaintiff's accident related medical treatment is only equal to $18,000." Doc. 9 at 6. Defendants respond that the "amount in controversy" requirement does not require them to pinpoint those damages they believe Schneider will recover, but rather to estimate the amount of money placed at issue in the course of litigation. Doc. 13 at 5. Defendants correctly observe that the amount-in-controversy requirement only requires them to estimate that some amount of money is in dispute, but not to believe that any specific amount will be recovered.[6] Were the latter criteria required, there would be little "controversy" at all. Plaintiffs' motion to remand on the basis of the Defendants' negotiation or litigation posture is without merit.

### 2. The Damages Amount Is not Clear from the Face of the Complaint.

Defendants claim to reach the jurisdictional threshold because although Schneider's damages amount is not alleged on the face of her complaint, her allegations show that Schneider made an underinsured-motorist demand on Defendants for $500,000, the denial of

---

[2] 28 U.S.C. §§ 1332(a)(1), 1441(b).

[3] *Kokkonen v. Guardian Life Insurance Co. of Am.*, 511 U.S. 375, 377 (1994).

[4] *Gaus v. Miles, Inc.*, 980 F.2d 564, 568 (9th Cir. 1992).

[5] 28 U.S.C. § 1447(c).

[6] *See Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

which prompted Schneider to file this action.  Doc. 13 at 5-6.  "[W]hen a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount."[7]  However, Schneider's complaint is not a "paragon of clarity,"[8] as its three causes of action specify only that Schneider as suffered damages "in excess of ten thousand dollars," (consistent with standard practice in the Eighth Judicial District Court whence this case was removed) and do not actually indicate that she seeks recovery of either the entire $500,000 uninsured-motorist claim amount, or even her $279,000 in medical bills.  Doc. 1-1 at 7-8.

When a state court plaintiff does not originally specify a particular amount of damages, the burden falls on the removing defendant to prove, by a preponderance of the evidence, that the amount in controversy exceeds the federal jurisdictional amount.[9]  "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount."[10]  "Jurisdiction may not be maintained by mere averment,"[11] and the Court may require the parties to submit "summary-judgment-type evidence relevant to the amount in controversy at the time of removal."[12]  Once a defendant proves that the jurisdictional amount is met, the burden shifts to the plaintiff to show to a "legal certainty" that recovery will not exceed the jurisdictional amount.[13]

---

[7] *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (citation omitted).

[8] *Id.* at 700.

[9] *Id.* at 701; *Sanchez v. Monumental Life Insurance Co.*, 102 F.3d 398, 403 (9th Cir. 1996).

[10] *Sanchez*, 102 F.3d at 404 (citation omitted).

[11] *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 1936); *Sanchez*, 102 F.3d at 403 (citations omitted).

[12] *Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373 377 (9th Cir. 1997)

[13] *Guglielmino*, 506 F.3d at 699.

### 3. Defendants' Medical Evidence Satisfies the Amount-in-Controversy Requirement.

Defendants submit copies of Schneider's medical bills totaling $255,166.58, which they claim establish that the amount in controversy is in excess of $75,000. These records are supported through the Declaration of Michael Taylor, a Claim Specialist III for Nationwide Insurance Company, who declares that he was assigned to handle Schneider's bodily injury claim, has personal knowledge of the medical records Nationwide received in connection with that claim, and has attached true and correct copies of those records to his declaration. Doc. 13-2 at 2. Upon review of the medical records, the Court finds that they establish an amount-in-controversy amount in excess of the $75,000 jurisdictional threshold; indeed, two pages of records from this case from July 26, 2010, through August 15, 2012, alone total $131,897.02. *See, e.g.*, Doc. 13-2 at 56-57.[14]

The burden thus shifts back to Schneider to show to a "legal certainty" that the jurisdictional threshold cannot be met.[15] Schneider did not file a reply to Defendants' opposition. As Schneider has failed to contest Defendants' damages argument in any way, the Court concludes that the "amount in controversy" requirement has been satisfied and Schneider's motion to remand must be denied.

### Conclusion

It is **THEREFORE ORDERED** that Defendants' Motion for a Hearing [Doc. 17] is **DENIED.**

It is **FURTHER ORDERED** that Plaintiff's Motion to Remand [Doc. 9] is **DENIED**.

DATED: March 19, 2014.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE

---

[14] Defendants also argue that Schneider's prayer for punitive damages pushes her claims over the amount-in-controversy threshold. As this Court finds that the medical-bill evidence alone establishes jurisdiction, the Court does not consider the effect, if any, of the punitive-damages prayer on the amount in controversy.

[15] *Guglielmino*, 506 F.3d at 699.